[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15094
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 94-03136-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENNIE CLEVELAND WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 10, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Bennie Cleveland Williams, a federal prisoner convicted of a crack cocaine offense, appeals the district court's grant of his 18 U.S.C. § 3582 motion for reduction of sentence, which was based on an amendment to U.S.S.G. § 2D1.1 that lowered the base offense levels applicable to crack cocaine offenses. The district court granted Williams's motion and sentenced him to 360 months' imprisonment, which was the bottom of the amended guideline range. On appeal, Williams argues that the district court should have sentenced him below the amended guideline range because the Sentencing Guidelines now are advisory under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and its progeny. He also argues that the district court failed to show that it considered the factors listed in 18 U.S.C. § 3553(a) in resentencing him.

We review a district court's decision to grant or deny a sentence reduction for an abuse of discretion. United States v. James, 548 F.3d 983, 984 n.1 (11th Cir. 2008). Although a district court generally cannot modify a term of imprisonment once it has been imposed, an exception lies in § 3582(c)(2), where:

> in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission pursuant to 28 U.S.C.
> § 994(o), upon motion of the defendant or the Director of the Bureau
> of Prisons, or on its own motion, the court may reduce the term of
> imprisonment, after considering the factors set forth in [18 U.S.C.
> § 3553(a)] to the extent that they are applicable, if such a reduction is

> consistent with applicable policy statements issued by the Sentencing
> Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).  A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission"—and is, therefore, not authorized under § 3582(c)(2)—if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).  Furthermore, a district court "shall not reduce" a defendant's term of imprisonment "to a term that is less than the minimum of the amended guideline range."  U.S.S.G. § 1B1.10(b)(2)(A).

Effective November 1, 2007, Amendment 706 adjusted downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in U.S.S.G. § 2D1.1.  See U.S.S.G. App. C, amend. 706 (2007).  Amendment 706 to the Sentencing Guidelines, as amended by Amendment 713, is retroactively applicable and, therefore, may be the basis for a § 3582 motion.  U.S.S.G. Supp. to App. C, amends. 706, 713 (2008).

Proceedings under § 3582 do not constitute a de novo resentencing.  United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000).  Rather, "all original sentencing determinations remain unchanged."  Id.  Resentencing pursuant to a § 3582 motion includes two steps.  First, the district court must "substitute the amended guideline range for the originally applied guideline range and determine

3

what sentence it would have imposed." United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). Second, if the guideline range is lowered by the amended guideline section, the court must consider the § 3553(a) factors and determine whether, and to what extent, to reduce the original sentence. Id. In this second step, the amended guideline range in a § 3582 proceeding is not advisory under Booker, and a district court may not sentence a defendant lower than the amended guideline range. United States v. Melvin, 556 F.3d 1190, 1192 (11th Cir. 2009).

With regard to the district court's explanation of its decision whether, and to what extent, a § 3582 reduction is warranted, "a district court commits no reversible error by failing to articulate specifically the applicability—if any—of each of the [§] 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997); see also United States v. Williams, 557 F.3d 1254 (11th Cir. 2009) (vacating and remanding where a district court's order granting § 3582 relief did not make clear whether it had considered the § 3553(a) factors).

The district court did not err in failing to consider the amended guideline range advisory and refusing to sentence Williams below the range. Additionally, although the district court failed to state explicitly that it considered the § 3553(a)

factors, the record is sufficient to conclude that it did do so, given that the same judge presided over the original sentencing and the § 3582 proceeding, and the judge reduced the original sentence. Accordingly, the court did not abuse its discretion in sentencing Williams to 360 months' imprisonment, as that was the bottom of the amended guideline range, and the district court had no authority to sentence Williams any lower.

Upon review of the record and the parties' briefs, we discern no error, and we affirm.

**AFFIRMED.**[1]

---

[1] Williams's request for oral argument is denied.